
June 20th.                    GREEN AND OTHERS *against* WINTER.

Where a *trustee* was restrained, by injunction, from interfering with the trust
  estate, and a *receiver* appointed by the court, and it became necessary to
  bring suits at law, to recover the possession of lands, and collect moneys be-
  longing to the trust estate ; the court, on application of the *cestuy que trust,*
  ordered the *receiver* to bring the suits in the name of the trustee, on giving
  security to indemnify the trustee, on account of such suits; and that the
  *receiver* should hold the possession of the lands recovered, and moneys re-
  ceived by him, subject to the further order of the court.

THE *petition,* in this case, stated, that the defendant,
in 1809, contracted to sell to *Jacob Multer* 50 acres in lot
No. 45, in *Cosby's* manor, (held by defendant in trust for
plaintiffs, see S. C., *ante,* p. 26—44.,) for 750 dollars, with
interest, payable in seven annual instalments, the whole of
which, with the interest, except for one year, remained un-
paid ; that *G. W. Murray* was appointed, by this court, a
*receiver* of all moneys due to the trust estate, in trust for the
plaintiffs. *Multer* was wholly unable to perform his con-
tract, and had assigned it to one *Finster,* who was able,
but refused to pay : that an injunction was issued, in *Janu-
ary,* 1813, prohibiting the defendant from interfering with
the trust estate, or receiving any moneys thereon, of which
personal notice was given to *Fins ter,* and public notice
thereof given in the *Utica Gazette ;* that there is no way of
enforcing the payment of the money due on the contract,
but by an action of ejectment; that the declaration of trust,
executed by the defendant, provided, that if he should be-
come incapable of executing the trust, the same should be
vested in *Richard Platt* or his assigns ; that the defendant
is now confined on execution, and *Platt* has assigned over
the trust to *George W. Murray ;* that many parts of the
trust estate are in possession of mere occupants, and adverse

claimants; and some of the tenants of the defendant hold over.

The plaintiffs prayed that *Murray* might be authorized to commence actions of ejectment on the title of the defendant, as trustee, to recover the trust estate, in the cases mentioned, and to recover the lot sold to *Multer*, unless he, or those claiming under him, should, within a limited time, pay the amount due on the contract, and give a mortgage for the residue; and that, on such payment, *Murray* should be authorized to give a deed.

*Pendleton*, for the plaintiffs.

*Harison* and *Baldwin*, contra.

THE CHANCELLOR. Some person ought to be authorized to act in this case, for the security and benefit of the trust. The defendant cannot act; for if the trust has not passed into the hands of *Murray*, yet the injunction restrains the defendant from acting; and the special order of the court seems requisite, to authorize *Murray*, in the character of *receiver*, to institute actions of ejectment. (3 *Bro. C. C.* 88. 1 *Vesey*, jun. 164.)

No injury can arise to the defendant in granting the application, since *Murray* will be required to give security to indemnify the defendant, on account of any suit which he may institute in his name; for that is the course in such cases; (2 *Atk.* 213.;) and he will have the possession of the lands to be recovered, as well as the moneys he may receive, in the case of *Multer*, subject to the further order of the court. On these terms, the motion is granted.

Motion granted.