Nov. Term, 1840.

INGERSOLL
v.
COOPER.

---

INGERSOLL and Others *v.* COOPER, Trustee.

*A.* and *B.* regularly appointed by a Circuit Court trustees, &c., sold, in discharge of their trust, certain real estate, and took promissory notes, payable to themselves or their successor or successors in the trust, for the purchase-money. They afterwards resigned their appointment, and *C.* was regularly appointed a trustee to receive and collect said notes. *Held*,

that *C.* could not, by virtue of his appointment, sue on the notes in his own name.

A receiver in chancery has no authority, by virtue of his appointment, to sue in his own name on a contract not made or assigned to himself.

Nov. Term,
1840.

INGERSOLL
v.
COOPER.

APPEAL from the *Allen* Circuit Court.

DEWEY, J.—*Cooper*, describing himself in his declaration "as a trustee appointed by the Supreme Court of *Indiana* to receive and collect the notes given by the purchasers in the *Ewing* addition of the town of *Fort Wayne*," sued *Ingersoll* and others in debt on a promissory note, by which they promised to pay "*John Spencer* and *Samuel Edsall*, trustees appointed by the *Allen* Circuit Court to lay off into town lots, streets, and alleys, part of the real estate of *Alexander Ewing*, deceased, or to their successor or successors in said trust, for the use of the heirs of the said *Alexander Ewing*, the sum of, &c., it being for town lot No. &c., in said addition of said *Fort Wayne*, sold by the said *Spencer* and *Edsall* as trustees as aforesaid to the said defendants." The declaration then alleges that, afterwards, "the proceedings in said case in said Circuit Court, relative to the laying off and selling said town lots, were duly transferred to the Supreme Court;" that *Spencer* and *Edsall* resigned their appointment of trustees; and that the Supreme Court appointed the plaintiff, *Cooper*, "a trustee to receive and collect the notes given by the purchasers of lots in said *Ewing* addition of said town of *Fort Wayne*," and to make to the purchasers deeds, &c.; by means whereof the plaintiff "became the successor of *Spencer* and *Edsall* in said trust;" whereby an action hath accrued, &c. The defendants demurred generally to the declaration. The Court overruled the demurrer, and rendered final judgment for the plaintiff.

The question raised by the demurrer is, whether the plaintiff has shown such an interest in the note described in the declaration as entitles him to maintain this action?

The statute regulating partition of real estate—in proceedings under which the note in question had its origin—contains no provision bearing on this point. It leaves the remedy respecting the collection of such a note as it stood before the passage of the act. We have looked carefully into the cases cited by the appellee, and such others as we

Friday,
*November* 27.

Nov. Term, 1840.

could find, and are compelled to say we see no authority in any of them which sustains his right to sue in his own name. The legal interest in the note is in *Spencer* and *Edsall*, the payees, subject to the equity therein expressed. As they are not a corporation, and cannot be viewed *quasi* a corporation, the phrase "successor or successors in said trust" is inoperative. The doctrine of succession does not apply to such a case. The note can be transferred at law, like other promissory notes, only by indorsement. The situation of the plaintiff bears a strong analogy to that of a receiver in chancery. But that agent has no authority by virtue of his appointment to sue, in his own name, on a contract not made or assigned to himself. He is obliged to discharge his duty by the use of the name of the person in whom is the legal title, whenever a suit is necessary.

The Circuit Court erred in overruling the demurrer to the declaration.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. H. Colerick* and *W. H. Coombs*, for the appellants.
*H. Cooper*, for the appellee.