PIERCE & al. *versus* ROBIE.

Where the funds of a voluntary association are put under the control and management of trustees, and are loaned to some of its members, an action may be maintained in the name of the trustees, though all the parties of record are members of the same association.

And where the trustees, who had taken a note as such, for such a loan, had been superseded by others, the latter may prosecute a suit on such note, at the request of the association, in the name of the former, and the plaintiffs of record are not authorized to release or control the suit.

But such plaintiffs of record may require indemnity against costs.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT, on a note signed by defendants of the follow-ing tenor:—

"Biddeford, Dec. 13, 1850.

"For value received, we, Frederic Robie as principal, and T. P. S. Deering as surety, jointly and severally promise

to pay Morris E. Palmer and William Pierce, trustees of York Tent, or their successors in office, the sum of $50, in six months after date on demand and interest."

At the time this suit was commenced, Samuel Moore and Henry H. McKenney were trustees of the York Tent, and while the action was pending, on motion of defendants, were required to indorse the writ.

The plaintiffs offered one Leonard Andrews as a witness, who was objected to as interested, being a member of the York Tent of Rechabites.

He executed a release to Moore & McKenney and also deposited $20 in Court to pay for any costs he might be subjected to. He was then allowed to testify.

It appeared that the Tent was a voluntary association where funds were raised by quarterly contributions of its members; that such associations have officers known as trustees, whose duties are to receive and manage the funds, to invest them and pass over the vouchers to their successors; that the payees of the note were trustees and members with the defendants of the association, and that Moore and McKenney were trustees at the time this suit was commenced, and that a vote had previously been passed authorizing the trustees to collect the funds due the " York Tent."

Defendant introduced a release from the plaintiffs of record of all demands due, with a request to the Court, that this suit might be discontinued, and denying that they had authorized its commencement.

The defendant requested these instructions:— *that* if the jury shall find that the release in this case by said Pierce and Palmer to said Robie was in good faith, then that it would control this suit, and that defendants would be entitled to their verdict: also *that* if they should find that the plaintiffs are joint creditors with others, of said Robie, then they had the right to release the demand, and that their release would be binding.

Defendant's requests were refused and these instructions given:—

Pierce v. Robie.

If the jury should be satisfied of the existence of an association known by the name of the York Tent, and that said association had entrusted the management of its financial affairs, and the collection of its debts to trustees, and that, at the time this suit was commenced, Samuel Moore and Henry H. McKenney were the regularly constituted trustees of said association, and were authorized to act as the successors of Pierce and Palmer in that capacity, and that the authority of Pierce and Palmer to act as trustees had ceased, and that the note in suit was the property of the above named association, and not of Pierce and Palmer, and that said Moore and McKenney had been instructed by said association to commence and prosecute this suit against the defendant, then this action could be maintained, notwithstanding the objection of said Pierce and Palmer.

A verdict was returned for plaintiffs.

Defendant excepted to the instructions and the refusal; and also filed a motion to set aside the verdict as against the evidence and the law governing the case.

*Luques*, in support of the exceptions.

1. The plaintiffs had the right to control the suit, and their release should have been allowed to operate. The words "trustees of York Tent" being merely descriptive. *Buffum* v. *Chadwick*, 8 Mass. 103; *Clapp* v. *Day*, 2 Greenl. 305; *Moshier* v. *Allen*, 16 Mass. 450.

2. The plaintiff had at least a joint interest with others, and their release was valid unless it was fraudulent. *Loring* v. *Brackett*, 3 Pick. 403; *Eastman & al.* v. *Wright & al.*, 6 Pick. 323.

3. The note belonged to the York Tent, and the action should have been in the names of all the owners. But if the trustees can maintain the action, it should have been in the name of Moore and McKenney, who are alleged to be the " successors." *Fisher* v. *Ellis*, 3 Pick. 322.

The first request should have been complied with, and that the second should also, he cited *Bradley* v. *Boynton*,

22 Maine, 287; 3 Kent's Com. 48 and 49; Chitty on Contracts, 673.

That the instructions given as a whole were erroneous, he cited *Adams Bank* v. *Jones*, 16 Pick. 574.

*Goodwin*, contra, that the action may be maintained in name of the trustees of such an association, cited *Metcalf & al.* v. *Bruin*, 12 East, 400; *Davis* v. *Hawkins*, 3 M. & S. 488; *Bedford & al.* v. *Britton & als.*, 1 Bing. 399; *VanNess* v. *Forest*, 8 Cranch, 30; *Clapp* v. *Day*, 2 Greenl. 305; *Binney* v. *Plumley*, 5 Verm. 500; *Davont* v. *Guerard*, 1 Spear, 242; *Ingersol* v. *Cooper*, 5 Black. 426.

That the plaintiffs of record, as trustees, could not successfully object to the use of their names, he cited 1 Chit. Plead. 9; *Mountstephen* v. *Brooks*, 1 Chitty, 290; *Hickey* v. *Burt*, 7 Taunt. 49; *Innell & ux.* v. *Newman & al.*, 4 B. & Ald. 419; *Legh* v. *Legh*, 1 B. &. P., 447 and note; *Payne* v. *Rogers*, Doug. 407; *Eastman & al.* v. *Wright & al.* 6 Pick. 322; *Manning* v. *Cox*, 17 E. C. L. 87.

That the successors of plaintiffs to the trust alone could institute the suit, and they only in the name of the original payees, he cited *Ingersol* v. *Cooper*, 5 Blackf. 426; U. S. Digest, 900; *Davont* v. *Guerard*, 1 Spear, 242; Hill on Trustees, 387, note; *Clapp* v. *Day*, 2 Greenl. 305.

The instructions requested and refused were not applicable to the case and the evidence. *Jewett* v. *Lincoln & al.* 14 Maine, 116.

Exact justice has been done between the parties by the verdict under the instructions, and in such case, a new trial will not be granted on account of immaterial errors, if there are any. *Smith* v. *Richards*, 16 Maine, 200; *Kelley* v. *Merrill*, 14 Maine, 228; *Marshall* v. *Baker*, 19 Maine, 402.

RICE, J. — The "York Tent" is a benevolent, voluntary association. Its funds were raised by voluntary contribution of its members, and by the organic rules of the association, were under the exclusive management of trustees, in whose name they were invested. The plaintiffs at the

Pierce v. Robie.

date of the note, which is payable to them, or their successors in office, were trustees of the association. The defendant, at the time the note was given, was also a member of the association and borrowed of its funds the amount of money for which the note was given. At the time this action was brought, the plaintiffs had ceased to be trustees, and were succeeded in that office by Moore and McKenney, who under instructions from the association caused this action to be brought. These facts are either conceded by the parties or found by the jury.

At a term of the Court prior to the trial, on motion of the defendant, Moore and McKenney were required to, and did indorse the writ as assignees of the note in suit.

After the action had been for some time pending in Court, the defendant procured releases from the plaintiffs of record, in which said plaintiffs disavow and disown this suit, and request that it may be discontinued, and state that they are not aware that they have assigned the note to any person.

The case is now before us on exceptions, and a motion for a new trial on the ground that the verdict is against law and evidence.

The first requested instruction was properly refused. The true question was whether the plaintiffs had a *right* to release the defendant and discharge the writ, not whether they acted in good faith. They may have acted honestly but erroneously.

It is not the duty of a Judge to give instructions upon a point purely hypothetical. Such instructions would tend to divert and distract the attention of a jury, and be productive of injury rather than benefit. Reference must always be had to the existing state of the proof, to determine whether instructions requested or given are proper or otherwise.

The funds of the association, as the evidence fully shows, were under the sole management and control of the trustees. In them was vested the *legal* title, held it is true, in trust, for the benefit of the association. That associa-

tion is neither a corporation, nor a copartnership. Its members, therefore, who are not trustees, though they may have a beneficial interest in the funds of the association, as members, are not for that reason legally the joint creditors of the defendant. The nominal plaintiffs could not therefore discharge the defendant simply because they were members of the same association. In their capacity as members they have no control over the funds.

The right of the nominal plaintiffs to control this action, if any they have, arises by virtue of their being parties. The promise was to them; and their control over this suit was absolute, unless their authority had been determined by the expiration of their term of office. The second request was therefore properly withheld.

The questions raised by the instructions given were, whether the action was properly brought in the name of the plaintiffs, and if so, whether by their release to this defendant, the action was discharged.

The note is in terms payable to the plaintiffs. The promise is to them. The conditional words, " Trustees of the York Tent," is merely *discriptio personæ. Innell & ux.* v. *Newman & al.* 4 B. & Ald. 419; *Binney* v. *Plumbley,* 5 Ver. 500; *Ingersoll* v. *Cooper,* 5 Blackf. 426; *Clapp* v. *Day,* 2 Maine, 305.

The jury have found that the plaintiffs of record had ceased to be trustees. With the expiration of their office their legal right to control the note expired. The note is found in the hands and under the control of Moore and McKenney, their successors in office. By the act of succession, they are to be treated, so far as a right to control the property of the " tent" is concerned, as the equitable assignees of the plaintiffs. *Ingersoll & als.* v. *Cooper,* 5 Blackf. 426. They had the possession of the note, and were exercising control and dominion over it. This is evidence of ownership. *Harriman* v. *Hill,* 14 Maine, 127.

There is no suggestion that the defendant has ever paid this note, nor that he did not receive a full consideration

therefor at its inception. On his motion, the trustees who are now prosecuting this suit have indorsed the writ as assignees, under the provisions of the statute. He was therefore secured by having a responsible party to whom he might look for his costs, if he had succeeded in his defence.

The plaintiffs of record do not suggest as a reason for desiring to discontinue this suit, any apprehension of being subjected to costs. Had that been the fact, the Court would have seen that they were amply protected from any loss. In reviewing this case, we think the remarks of the Court in the case of *Harriman* v. *Hill*, cited above, are particularly appropriate when they say, " in the case before us we are satisfied that the defence set up is without merits, and is an attempt to escape from the obligation of a promise fairly made, upon a legal and adequate consideration. And we are further satisfied, that the course taken by the nominal plaintiffs is inequitable on their part; that they are in no danger of sustaining loss or injury, and that they have nothing to gain by the suppression of this suit, or its termination in favor of the defendant."

We do not think that the case at bar is favorably distinguished, for the defendant, from the case above cited, by the consideration that he is attempting to withhold funds which he has borrowed from a charitable association, and which were accumulated by voluntary contributions for benevolent purposes, by a defence founded at best upon legal technicalities, not to designate it by any harsher name.

The Court did not err in admitting the witness Andrews. *Pond* v. *Hartwell*, 17 Pick. 272.

We do not perceive any error in the instructions given, and think the verdict is sustained by the evidence, and is in conformity with both the law and the equity of the case.

*Exceptions and motion overruled.*

*Judgment on the verdict.*