# LEONARD *vs.* STORRS.

[ACTION ON PROMISSORY NOTE BY RECEIVER IN CHANCERY.]

1. *Error without injury in rulings on pleadings.*—Where the plaintiff's right of action is founded on a decree in chancery, which is an uncontroverted fact in the case, and that decree confers on him the right to maintain the action, the appellate court will not, at the instance of the defendant, examine into the correctness of the rulings of the primary court on the special pleadings in the case, since those rulings, even if erroneous, can work no injury to the defendant.

2. *Who is proper party plaintiff.*—A receiver in chancery, having been ordered by the chancellor to collect the notes and debts due to a partnership, which the parties themselves were enjoined from collecting, may (Code, § 2129) maintain an action on such notes in his own name.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by John L. Storrs, against James L. R. Leonard; and was founded on a promissory note for $867, made by the defendant and one Daniel Courtney, dated Montevallo, January 16th, 1854, and payable four months after date, to the order of J. C. Riddle. The pleadings were drawn out at great length, presenting substantially the same question in different forms; but the decision of the court renders it unnecessary to state them in detail, or to notice the rulings of the court upon them. The plaintiff proved, that the note sued on belonged to the firm of W. D. Riddle & Co., and had been given in payment for property bought from the firm; and, to show his right to maintain the suit in his own name, read in evidence a transcript from the records of the chancery court at Talladega, showing the proceedings had in a cause therein pending, wherein one David H. Carter was plaintiff, and John C. Riddle, the defendant in this suit, and others were defendants. This transcript showed, that, by an interlocutory decree rendered on the 26th July, 1854, Leonard was enjoined from paying over to John C. Riddle, until the further order of the court, any moneys which he then owed to the firm of W. D. Riddle & Co.; that by an order made on the 21st September, 1854, said Storrs was appointed receiver in said cause, and was authorized to collect the debts due to the said partnership. The material portion of this order was in these words: "It is further ordered, adjudged, and decreed, that said receiver shall collect and get in the debts due, or which may become due, to said partnership; that he may bring actions for the recovery of such debts, as occasion may require, and, to that end, may use the names of any or all of the following parties to this suit— John C. Riddle, David H. Carter, and Andrew W. Bowie, administrator of the estate of W. D. Riddle, deceased; and the person or persons, in whose names such suits may be brought, shall be indemnified against any costs or damages on account thereof, out of the assets of said partnership." Another decretal order in said cause, made on the 3d March, 1855, was as follows: "It is further ordered, adjudged, and decreed, that the receiver shall forthwith

32

proceed to collect the note on J. L. R. Leonard and D. Courtney, dated 16th January, 1854, and due at four -nonths, for $867, and is authorized to institute suit upon the same." The rulings of the circuit court on this state of facts, both on the pleadings, and in the instructions to the jury, were in favor of the plaintiff's right of recovery; to which the defendant excepted, and which he now assigns as error.

J. B. MOORE, and J. R. JOHN, for the appellant, contended, that the order of the chancellor did not authorize the receiver to sue in his own name, independently of statutory provisions, and did not make him the "party really interested," within the meaning of section 2129 of the Code; citing the following authorities: Pitt v. Snowden, 3 Atk. 750; Merriott v. Lyon, 16 Wendell, 410; 3 Dan. Ch. Pr. 1991; Freeman v. Winchester, 10 Sm. & Mar. 580; 3 Metc. 581; 23 Pick. 489; 2 Paige, 452.

WILLIAM COOPER, contra, cited and relied on Mansony & Hurtell v. U. S. Bank, 4 Ala. 735; Franklin v. Osgood, 14 Johns. 553; Mauran v. Lamb, 7 Cowen, 174.

STONE, J.—This record presents really but one question—namely, the right of the receiver to maintain this suit in his own name. If he have not that right, the record abounds in errors, which will be fatal to the action on any future trial. On the other hand, if he have the right, it is not important that we should inquire into the correctness of the several rulings to which exception was taken on the trial below. The nature of the plaintiff's claim or interest in the note in suit, and the order of the chancellor which created that claim or interest, are among the uncontroverted facts of this record; hence, if the right existed to sue in his name, any errors into which the circuit judge may have fallen, if such there be, fall within the class of errors without injury. For such errors we do not reverse.—Dunlap v. Robinson, 28 Ala. 100, and authorities cited; Powell v. Powell, 30 Ala. 697.

It may be true that, without any statute on the subject,

a chancellor may appoint a receiver for the rents of real estate, order the tenant to attorn to such receiver, and then clothe the receiver with the power of maintaining an action for the rents in his own name.—3 Dan. Ch. Pr. 1977; Mansony & Hurtell v. Bank of United States, 4 Ala. 735, 752. This rests on the power of the court to create a privity, by compelling the tenant to attorn to the receiver. When, however, *in the absence of a statute*, it is proposed to vest in a receiver the right to collect, *in his own name*, a promissory note, the legal title to which is in another, this presents a very different question. Whether such result could be accomplished, we need not decide. It is evident such power would not be conferred by an order appointing a receiver, and authorizing him to collect the note.—See authorities on the brief.

Let us consider the question as modified by the Code. Under the interlocutory order of the chancellor, made in reference to the effects of the late partnership of W. D. Riddle & Co., each of the partners was enjoined from collecting the note which is the foundation of this suit; and Leonard, the maker, was enjoined from paying it to them, or either of them. Mr. Storrs was appointed receiver, and was ordered by the chancellor to collect this note. Under this state of the case, Mr. Storrs had the sole and exclusive right to receive the money due on this note. We hold, that he was the party *really interested*, within the meaning of section 2129 of the Code, and that the action was properly brought in his name. We confine our decision to the case made by the record, and do not undertake to lay down any rule for the government of cases unlike the present.—See Franklin v. Osgood, 14 Johns. 527, 553.

The judgment of the circuit court is affirmed.