## McDOUGALD'S ADM'R *vs.* CAREY.

[MOTION TO REVIVE APPEAL—CROSS MOTION TO DISMISS.]

1. *Succession to trust estate on death of trustee.*—The statute of Georgia, approved December 16, 1861, entitled "An act to provide for the appointment of new assignees and trustees in certain cases," as proved in this case, changes the common-law rule in reference to the succession to a trust estate on the death of the sole or surviving trustee under an assignment for the benefit of creditors, and authorizes the appointment of a new trustee, on the petition of two or more of the creditors, by the superior court of the county.

2. *Revivor of appeal.*—An express trust for the benefit of creditors having been created in Georgia, where the common-law rule in reference to the succession to trust estates has been changed by statute ; and the trustee having died, pending an appeal from a decree in chancery obtained by him here,—the appeal must be revived against his successor in the trust, appointed under the statute in Georgia.

APPEAL from the Chancery Court of Russell.
Heard before the Hon JAMES B. CLARK.

THIS case was before the court at its January term, 1862,
on a motion by the appellee to dismiss the appeal, on ac-
count of the failure to revive it, as required by an order
of the court made at the June term, 1860 ; and on a cross-
motion by the appellant, asking an extension of time with-
in which to make the necessary revivor.—See the case
reported, *ante*, pp. 320–23.   At the present term, the appel-
lant produced to the court a certified transcript from the
records of the superior court of Muscogee county, Georgia,
showing the appointment of William Dougherty, as the suc-
cessor of Edward Carey, the deceased trustee, and also a
certified copy of the statute of Georgia, under which the
appointment was made ; and moved to revivê the appeal
against said Dougherty.   The statute referred to is entitled
"an act to provide for the appointment of new assignees
and trustees in certain cases," approved December 16, 1861 ;
and the first section is in the following words : "*Be it
enacted,*" *&c.*, "that in all cases of assignments for the bene-
fit of creditors, heretofore or hereafter made, and in all
cases of any trust, where the sole or surviving trustee or
assignee shall have departed this life, or removed beyond
the jurisdiction of the courts of this State, the superior
courts of the several counties in this State shall have full
power and authority, when sitting either as a court of law
or equity, upon the petition of two or more of the parties
interested in such assignment or trust, and on such notice
as the court shall direct, in a summary manner, to appoint
a new trustee or trustees, in place and stead of such deceased
or non-resident trustee ; and such new trustee shall have all
the authority, and be subject to all the pains and penalties
of such deceased or non-resident trustee or assignee ; and
all laws or enactments shall be as applicable, and in as full
force, in respect to the new as the old trustee or assignee ;
aud said court being hereby authorized, in his discretion,
to require bond and security of such assignee or trustee."

McDougald's Adm'r v. Carey.

The appellee's counsel resisted the motion to revive, and moved to dismiss the appeal, because it had not been revived as required by the former orders of the court.

GOLDTHWAITE, RICE & SEMPLE, and GEO. D. HOOPER, for appellant.

W. P. CHILTON, L. E. PARSONS, and D. CLOPTON, *contra*.

STONE, J.—When this case was before us twelve months ago, we made the remark, that this trust was " created in the State of Georgia, and the suit was instituted for the purpose of collecting a debt due the trust, out of an alleged debtor's assets in the State of Alabama ;" and we added, "The common law is presumed to prevail in Georgia ; and by the common law, the trust title as to personalty passes, upon the death of the trustee, to his personal representative." We then ruled, that a trustee in place of Mr. Carey should be appointed in this State, that the suit might be revived against him.

It will be observed, that this ruling of ours rests for its support on the legal presumption that the common-law rule prevailed in Georgia. A statute of the State of Georgia has been given in evidence before us, approved December 16th, 1861, which changes the common-law rule, and, in cases like the present, authorizes the appointment of a successor to the trustee, on certain specified proceedings had for the purpose. Proceedings had in the superior court of Muscogee county, Georgia, certified according to the act of congress, have also been given in evidence before us, which show that William Dougherty has been, by that court, appointed trustee in this case, in place of Edward Carey, deceased. The statute of Georgia declares, that " such new trustee shall have all the authority, and be subject to all the pains and penalties of such deceased or non resident trustee or assignee." These proceedings conform to the statute in every essential particular.

It is contended, that the new trustee, appointed as he was by the court, and under a statute of another State.

possesses no extra-territorial power, and cannot maintain a suit in our courts. The deed of assignment was made in Georgia, by and to parties resident therein; namely, by the Bank of Columbus, for the benefit of its creditors. It assigned all its effects, among which was a debt or debts due to the bank from Daniel McDougald. The present suit is instituted by the trustee to recover the said debt or debts of McDougald, out of assets that are in this State. We are not informed that any of the trust effects proper are in Alabama; but the averments of the bill tend to show that a resort to the estate of McDougald within this State is necessary to the collection of this demand against him. Under such circumstances, the law-appointed trustee, assignee, or syndic of another State, may maintain an action in this State, to recover a demand which is covered by the assignment.—*Hooper v. Tuckerman*, 3 Sandf. Sup. Ct. 311; *Hall v. Boardman*, 14 N. H. 38; Story's Conflict of Laws, § 420; *Wilson v. Matthews, Finley & Co.*, 32 Ala. 346–8, and authorities cited.

We have examined the cases of *Pickering v. Fisk*, (6 Ver. 102,) *Ingersoll v. Cooper*, (5 Blackf. 426,) *Willard v. Hammond*, (1 Foster, 382,) *Williams v. Mans*, (6 Watts, 278,) and are of opinion that they do not conflict with this view.

This appeal stands revived in the name of William Dougherty, trustee, as appellee.