KING, Receiver, vs. CUTTS.

*Action of unlawful detainer, in whose name to be brought.*

1. A receiver appointed, under the general equity power of the court, "to let certain premises and collect the rents, during the pendency of an action," acquires no interest in the premises without an assignment to him by the person having the legal title, and cannot maintain an action in his own name, as receiver, against a tenant of such person, for unlawful detainer of the premises.

2. In such case, the receiver should apply to the court, upon notice to such person, for authority to prosecute the action *in his name.*

APPEAL from the Circuit Court for *Rock* County.

The defendant appealed from a judgment against him, rendered by the circuit court on appeal from a justice of the peace. The material facts are stated in the opinion.

*C. N. Parsons,* for appellant.

*Williams & Sale,* for respondent :

The receiver is trustee of an express trust. Sec. 14, chap. 123, R. S., and sec. 11, chap. 84 ; 14 Barb. 488 ; 15 id. 326 ; 21 id. 564 ; Tif. & Smith's Pr. 689 ; 2 Johns. Ch. 240, 242. Nor was any assignment necessary, nor an order of court directing the receiver to bring the action. The statute vests the property in him, and authorizes him to bring all necessary actions. Sec. 16, chap. 84, R. S. ; 6 Seld. 178, 179 ; 4 Abb. Pr. 106 ; 1 Van Santv. Pl. 72–76, 96–99 ; 18 N. Y. 374, 375 ; 19 Wis. 689 ; 6 id. 503.

DIXON, C. J. The leading question in this case is identical with that presented in the case of *King, Guard-*

*ian, v. Cutts,* just decided, though the subordinate facts differ. It is, whether the plaintiff is an assignee within the meaning of the 12th section of the forcible entry and unlawful detainer act, so that he may maintain an action under that section, in his own name as receiver, to remove the defendant from the possession of certain premises which the defendant holds under a lease executed by one Sarah Brainard. We are clearly of opinion that the plaintiff is not such assignee, and that this action must suffer the same fate as the other. The plaintiff is a receiver, appointed by the circuit court of Rock county, in an action in which E. P. King, guardian, etc., is plaintiff, and Sarah Brainard and one Johnson Dunham are defendants. The lease was executed by Sarah Brainard, and the defendant entered into possession under it prior to the plaintiff's appointment as receiver. No assignment of the lease, or conveyance of the land, by Sarah Brainard to the plaintiff, is alleged or claimed. The right of the plaintiff to sue in his own name as receiver rests solely upon his appointment. The appointment was made in pursuance of the general power of the court to appoint a receiver, and not under the provision of any special statute giving the receiver authority to sue, like a receiver appointed in supplementary proceedings, or in proceedings to close up the affairs of a corporation which has been dissolved, or is insolvent, or has forfeited its corporate rights. The order was, that the plaintiff be appointed "to lease or rent the premises described in the complaint in the action, to take care of the same, and to collect, receive and take care of said rents during the pendency of the action." The powers, rights and duties of a receiver thus appointed are the same as those of a receiver appointed according to the former practice in chancery. Before assignment or transfer to him by the person having the legal title, such a receiver acquired no estate or interest in the property in controversy ; and if it became

necessary for him to sue, he must have done so, if at all, in the name of the person who had the legal right. The practice was for the receiver to apply to the court for an order to prosecute, which order was obtained on notice to the person whose name was to be used. See *Merritt v. Lyon*, 16 Wend. 410–412, and cases there cited; *Taylor v. Allen*, 2 Atk. 213; *Wynne v. Lord Newborough*, 1 Vesey Jr. 165; *Green v. Winter*, 1 Johns. Ch. 60; *Freeman v. Winchester*, 10 S. & M. 577. Such should have been the practice here. The plaintiff, on notice to Sarah Brainard, should have obtained an order to prosecute the action in her name. As the case now stands, the action can no more be maintained than that of *King, Guardian, v. Cutts*, above referred to. The rights of the plaintiff as receiver are no greater than those of a guardian. He is not an assignee, but a mere officer of the court appointed to take charge of the property pending the litigation.

The judgment of the circuit court must therefore be reversed, and the cause remanded, with direction to enter judgment for the defendant and against the plaintiff for the costs of suit.

*By the Court.* — So ordered.