## MANLOVE, Receiver, *v.* BURGER.

38 211|
152 288|

RECEIVER.—*Parties.*—Where a receiver is not authorized to sue in his own name by statute or, in a proper case, by the court appointing him, he cannot do so, but must sue in the name of the corporation or person in whom was the right of action before the appointment of the receiver.

SAME.—In this State a receiver of a mutual insurance company is authorized by statute to sue in his own name.

SAME.—*Mutual Insurance Company.—Complaint.*—In an action by a receiver to recover assessments made by the court upon premium notes given to a mutual insurance company, he must allege all the facts necessary to show a liability on the premium notes.

SAME.—In such an action the receiver must allege, to justify the assessment, that the claims for losses had been adjusted, or were justly due to the parties making or setting up the claims.

SAME.—*Effect of Appointment.—Premium Notes.*—Though the appointment by the court of a receiver may be binding on the makers of the premium notes, yet such a proceeding does not determine their liability on such notes.

APPEAL from the Hendricks Common Pleas.

DOWNEY, J.—The appellant sued the appellee, alleging that he was receiver of the Farmers and Mechanics' Insurance Company (a mutual insurance company organized under and by virtue of the laws of the State of Indiana), duly appointed by the Marion Civil Circuit Court of the State of Indiana. The action was upon a premium note executed by the appellee to the said insurance company. The complaint, after reciting the recovery of a judgment against the company, and the proceedings thereon which resulted in the appointment of the receiver, his giving bond with security, etc., alleges, "that the receiver filed his report and application in said court, showing, among other things, the amount of premium notes, the amount of claims for losses by fire, and the probable expenses of said receivership, and asking that the court order an assessment to be made upon said premium notes sufficient to pay such losses and expenses of receivership; and the court, having duly considered said application, ordered and decreed," etc. The order of the court making the assessment is then set out.

The defendant demurred to the complaint, for the reasons,

first, that the plaintiff had not capacity to sue; second, that there was a defect of parties plaintiffs; and third, that the complaint did not contain facts sufficient in law, if true, to constitute a cause of action by plaintiff against the defendant.

This demurrer was sustained by the court; the appellant excepted, and, after final judgment against him, appealed to this court.

No case in this court has fallen under our observation which decides the question, whether a receiver can maintain an action in his own name or not; although it was remarked by DEWEY, J., in *Ingersoll* v. *Cooper*, 5 Blackf. 426, that he could not. The question is presented, however, in the case at bar, and we must decide it, at least so far as it is necessary to do so in disposing of the case.

The statute of this State in regard to receivers provides, "that receivers shall have power, under the control of the court, to bring and defend actions, to take and keep possession of property, to receive rents, collect debts, and generally to do such acts respecting the property as the court may authorize." This section does not, in terms, confer upon the receiver power to sue in his own name.

There are cases which hold that, under proper circumstances, the court appointing a receiver may authorize him to bring and prosecute suits in his own name; and perhaps it might be held, under the section just quoted, since the receiver may do such acts respecting the property as the court may authorize, that he might sue in his own name, when so directed and authorized by the court appointing him. On this subject, see *Freeman* v. *Winchester*, 10 Sm. & M. 577; *King* v. *Cutts*, 24 Wis. 627; *Leonard* v. *Storrs*, 31 Ala. 488; *Hardwick* v. *Hook*, 8 Ga. 354.

It is clear that if the statute under which a receiver is appointed authorize him to sue in his own name, he may do so. The following are cases of some interest on this subject: *Porter* v. *Williams*, 5 Seld. 142; *Leonard* v. *Storrs*, *supra*.

Manlove, Receiver, *v.* Burger.

Where the receiver is not authorized, either by statute or, in a proper case, by the order of the court from which he receives his appointment, to sue in his own name, he cannot do so, but must bring the action in the name of the corporation or party in whom was the right of action before the appointment of the receiver. *Yeager* v. *Wallace,* 44 Pa. St. 294; *King* v. *Cutts, supra; Newell* v. *Fisher,* 24 Miss. 392; Kerr Receivers, 192.

It is not alleged in the complaint, in the case under consideration, that the receiver was authorized by the court which appointed him, to sue in his own name. If he can sue in his own name, then, it must be because some statute of the State authorizes him to do so.

Section 12 of the act establishing general provisions respecting corporations (1 G. & H. 270), which provides for the appointment of a receiver or trustee to wind up the affairs of a corporation upon the expiration of its charter, expressly authorizes the receiver or trustee to sue "in the name of the corporation or otherwise."

Section 16 of the act under which the receiver in this case was appointed, provides that the receiver shall "reduce the assets of such corporation to possession, and pay the debts thereof, under the same rules prescribed for the government of administrators." As an administrator sues in his own name, it would seem to follow that a receiver appointed under this section of the statute can also sue in his own name.

We think there is nothing fatal to the complaint in the first or second causes of demurrer. But we think the facts stated in the complaint are not sufficient to constitute a cause of action. The report of the receiver showed the amount of premium notes, but it did not show that the "claims" for losses had been adjusted, or that they were justly due to the parties making or setting up the claims. It is not shown that either the receiver or the court had passed upon them. Upon this unsatisfactory showing, the court made or sanctioned an assessment of "one hundred per cent. upon the face of all premium notes belonging to said company." A

complaint in such a case as this must state all the facts necessary to show a liability on the premium note. While the court appointing the receiver may pass upon the questions, the decision of which makes it proper or necessary to appoint a receiver, and its action may be binding on the party who gave the premium note, it cannot, in that proceeding, settle the question as to the liability of the maker of the note to pay his note in whole or in part. But see the case of *Embree* v. *Shideler*, 36 Ind. 423, where this subject is more fully considered.

The judgment is affirmed, with costs.

PETTIT, J., dissents from that part of the opinion holding the complaint insufficient.

*J. R. Troxell* and *W. R. Manlove,* for appellant.

*L. M. Campbell,* for appellee.