[Street v. Kelly.]

# Street v. Kelly.

## Trover.

1. *Declaration of party; not admissible in his favor.*—Declarations of a party, which promote his interests, and are not part of the *res gestae*, or of facts lying within the knowledge of his adversary, and which, if untrue, it is reasonable to presume he would contradict, are not admissible in favor of the declarant, although made to his adversary.

2. *Secondary evidence of written contract ; not admissible until absence of writing accounted for.*—When contracts, on which depend the rights of parties to the suit, are in writing, parol evidence of their contents is not admissible, unless the absence of the written contract, the higher and better evidence, is accounted for properly ; and where such a contract was in court, in possession of the plaintiff's attorney, but had been excluded as evidence because not proven by either of the subscribing witnesses,-and no excuse was given for failing to introduce them, it was error to allow parol evidence of its contents.

3. *Cross-examination ; witness not examined as to writing without its production.*—A witness cannot, on cross-examination, be questioned about matters reduced to writing, and subscribed by him, until the writing is produced and shown, or read to him.

APPEAL from Talladega Circuit Court.

Tried before Hon JOHN HENDERSON.

This was an action of trover, brought January 28, 1876, by S. C. Kelly against Andrew J. Street, for the conversion by the latter of six mules, three wagons, &c. The plaintiff testified that he sold the property in controversy to Robbs Bros. on November 14, 1874, and took from them a mortgage, or lien to secure the unpaid purchase-money. A paper was then handed the witness, by counsel, and he identified it as the mortgage referred to, but the defendant objected to the introduction of the mortgage because it was attested by two witnesses, neither of whom were called to prove its execution, and whose absence was not accounted for. The court sustained the objection, and on motion excluded all the statements of the witness as to the contents of the writing. The evidence showed that, prior to November 14, 1874, Kelly owned and had in his possession the property in controversy ; that, on October 27, 1875, this property was in possession of a person who said he was controlling it for the defendant, Street; that Kelly demanded of Street to know how he came into the possession of his (Kelly's) property, and Street replied that he bought it from Robbs Bros. that witness then said to Street that Robbs Bros. had not carried out their contract with him (Kelly), and that his (Street's) purchase " was

not worth a cent." The defendant objected to this statement as evidence, but the court overruled the objection, and defendant excepted.

The Robbs Bros. were colliers, and at the time Kelly sold them the property in controversy, they were engaged in manufacturing coal for S. Kelly & Co., who had a written contract with the Alabama Iron Company to deliver 300,000 bushels of coal. The defendant moved to exclude this evidence, because the written contract was higher and better evidence, than the declaration of the witness. The court overruled the motion, and defendant excepted. The plaintiff testified, also, that he was a member of the firm of S. C. Kelly & Co.; that he entered into a contract with the Alabama Iron Company, and it was one of the stipulations of said contract, that if Robbs Bros. failed to carry out the contract between S. C. Kelly & Co., and the Alabama Iron Company, all the property should be held as forfeited. The contract was in writing, and executed at the same time that purchase-money notes made by Robbs Bros. for the property in controversy were given. The defendants moved to exclude this evidence because the witness was speaking of the contents of a written instrument which the court had excluded, and because the contract was higher and better evidence. The court overruled the objection, and defendant excepted. The plaintiff offered the written contract, but the defendant objected to it as evidence because there was no legal proof of its execution. The court sustained this objection and excluded the contract but refused to exclude the evidence of its contents as stated above, and the witness was permitted to state the contents of this written contract for the sale of the property in controversy to Robbs Bros., and under which the plaintiff claimed a lien on the property. The defendant testified that he bought the property in controversy from Robbs Bros., and did not know until afterwards, that Kelly had any claim on the property. On cross-examination, counsel for plaintiff asked the defendant if he did not on 13th of March, 1875, enter into a written contract with E. B. Nelson, and on March 17, 1875, into a written contract with Robbs Bros. These questions were answered in the affirmative. Counsel for plaintiff, reading from a written memorandum which purported to be a copy of the contract with Robbs Bros., asked the defendant "if his contract with Robbs Bros. was not, in substance, as follows ;" the defendant objected to this question, but the court overruled the objection, and defendant excepted. The counsel for plaintiff then made the same inquiry, and in the same manner, as to the contract with Nelson, and the defendant again objected and the court having overruled his objection, he again ex-

[Street v. Kelly.]

cepted.  There was a verdict and judgment for the plaintiffs.
The errors assigned are the rulings on the evidence.

TAÜL BRADFORD, and BOWDEN & KNOX, for appellant.

JOHN T. HEFLIN, for appellee.

BRICKELL, C. J.—1. The declaration made by the plain-
tiff to the defendant, that Robbs Brothers had not carried out
their contract with him, and defendant's purchase of the
property in controversy from them *was not worth a cent*, ought
to have been excluded.  If relevant, it was only as evidence
that Robbs Brothers had broken their contract, and the con-
dition had happened on which, as the plaintiff claims, the
property was to be restored to him.  Declarations by a party
promotive of his own interests, though made to his adver-
sary, not parts of the *res gestæ*, or of facts lying within the
knowledge of the adversary, and which, if untrue, it is rea-
sonable to presume he would contradict, are not admissible
as evidence in favor of the defendant.  It is not through the
medium of such declarations that legal evidence of material
facts can be constructed.

2. The contract made by Kelly & Co. with the Alabama
Iron Company, was shown to have been reduced to writing,
for the absence of which no account was given.  The writing
was the higher and better evidence, and parol evidence of its
contents was inadmissible.  The contract between the plain-
tiff and Robbs Brothers was also in writing, and its execution
attested by two witnesses.  It was in court, in possession of
the plaintiff's attorney, but as its execution was not proved
by either of the subscribing witnesses, and no excuse was
given for failing to introduce them, the court excluded it as
evidence, when offered by the plaintiff.  It is scarcely neces-
sary to say, that it was error afterwards to receive parol evi-
dence of its contracts.—*Street v. Nelson*, 67 Ala.

3. The contracts made by the defendant with Nelson, and
with Robbs Brothers, were each in writing, the best evidence
of their contents, and there was no reason shown for the in-
troduction of evidence inferior in degree.  The evidence of
the contents of these writings was not contradictory of any
statement made by the defendant as a witness, and their
relevancy is not very apparent.  As a general rule, on cross-
examination, a witness cannot be inquired of as to matters
reduced to writing by himself or another, and subscribed by
him until the writing is produced and shown or read to him.
1 What. Ev. 268.  This rule was violated in the course of the
cross-examination the Circuit Court permitted.

[Fort's Adm'r v. Davis.]

4. The remaining questions which are of importance depend upon the terms and construction of the contract made by Kelly & Co., or Kelly with the Robbs Brothers. That contract is in writing, and until it is produced and in evidence, the questions cannot be fairly decided. There is a manifest impropriety in passing upon them now, on evidence of the contents of the writing, we are constrained to pronounce inadmissible. If in the further course of the litigation they should arise, it may be, the evidence in reference to them will be materially different.

Reversed and remanded.