# Pensacola Railroad Co. *v.* Schaffer.

*Statutory Action to enforce Contractor's Lien on Building.*

1.  *When substituted contractor may enforce statutory lien.*—When a contract for the construction of a house is transferred by the contractor, with the consent of the employer, after the commencement of the work, to another person, with whom the employer then agrees to deal in future " as if he was the original contractor," and who afterwards completes the work according to the stipulations of the contract; the person thus substituted may enforce the statutory lien given to original contractors (Code, §§ 3440–47), and the employer is estopped from denying that he is the original contractor.

2.  *Secondary evidence of telegram.*—When an original telegram is shown to be in another State, beyond the jurisdiction of the court, a copy thereof is admissible as evidence.

3.  *Judgments against contractor by workmen, and against employer as garnishee; admissibility as evidence against substituted contractor.*—Judgments recovered before a justice of the peace, against the original contractor, in favor of workmen employed by him, and against the employer as garnishee, are *res inter alios actæ* as against the substituted contractor, and neither binding on him, nor admissible as evidence against him, when he was not made a party to the proceedings.

4.  *Who is properly plaintiff, as party really interested.*—The substituted contractor, with whom the employer agrees to deal in future " as if he were the original contractor," may maintain a statutory action to enforce the lien in his own name, as " the party really interested " (Code, § 2890), although he has agreed to pay over to the original contractor a specified part of the profits he might realize by the contract.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by John W. Schaffer, against the Pensacola Railroad Company, a domestic corporation, to enforce an alleged statutory lien, in favor of the plaintiff as original contractor, upon and against a building erected and used as a hotel, at Pensacola Junction in said county; and was commenced on the 16th April, 1878. The original contract for the erection of the building was made between Rudolph Beuz, as contractor, and the defendant railroad corporation,

acting through W. D. Chipley as its agent and manager, and was reduced to writing, and signed by both parties, on the 2d June, 1877. By the terms of this contract, the work was to be completed by the 1st August, 1877, and the agreed price was $1,400, with $250 in addition for changes made by the railroad company; and it was stipulated that payments should be made, every ten days, to the extent of seventy per cent. of the work done. On the 24th July, 1877, the work not being completed, and some complications having arisen between the parties, and with the workmen employed, another agreement was then entered into between said Benz and said Chipley, which, as reduced to writing, and signed by both parties, was in these words: " *Whereas* we, the undersigned, have heretofore, to-wit, on the 2d June, 1877, entered into articles of agreement, whereby the said R. Benz was to erect and finish the new building at the junction of the Mobile and Montgomery and the Pensacola railroad, agreeably to the drawings, &c., of Chas. H. Overman, architect, for same terms and payments therein stipulated; *and whereas* the said Benz has notified the said Chipley that he has made due transfer of the said contract, with its obligations and immunities, to one John Schaffer, and asked acquiescence in and to said transfer: It is therefore hereby agreed between said Benz and Chipley, that the latter agrees to said transfer, and, without releasing said Benz from said contract and its obligations, in all future transactions in reference to same, to deal with said Schaffer as if he were the original contractor; the said Benz hereby authorizing said Chipley to make all payments, due or to become due by virtue of said contract, either in regular stipulated installments, or for extras as per contract, to said Schaffer; the said Benz hereby agreeing, that the receipt or receipts of said Schaffer to said Chipley shall be good against him, for any claims he may or might have by virtue of said contract against the said Chipley, either individually or in his capacity of manager of said Pensacola Railroad Company, or against the railroad company itself. In witness whereof," &c.

A minute-entry by the clerk states that the papers in the cause were destroyed by fire, in September, 1879, when the court-house of Escambia county was burned; and the record contains no order for the substitution of the papers. The complaint, as copied in the transcript, contained the common counts for work and labor done, and a special count which averred the making of the original contract between Benz and Chipley, the subsequent agreement by which Schaffer was substituted as the contractor instead of Benz, the performance of the work by Schaffer, and the registration of the contract by him within six months after the completion of the work, &c., whereby he

claimed a statutory lien.    There was a demurrer to the special count, because it showed on its face that Schaffer was not the original contractor; but the record does not show the ruling of the court on the demurrer.    The defendant filed a special plea, which averred that the work on the building was done by certain persons named, who were employed by said Benz, and who, on the 31st August, 1877, having duly filed their claims as mechanics and laborers, instituted their several suits to enforce their statutory lien on account of the work and labor done by them on said building, and summoned the defendant by garnishment, as the debtor of said Benz, the original contractor; that the defendant filed an answer in each case, admitting indebtedness to said Benz to the amount of $398.28; that on the hearing of the several cases, judgments having been rendered against said Benz in favor of the several plaintiffs, judgments were also rendered against the defendant as garnishee, for amounts aggregating $398.28, as due to said Benz before the transfer and change in the contract; and that defendant had paid these several judgments.    The court sustained a demurrer to this plea, and the cause was tried on issue joined on three pleas: 1st, the general issue; 2d, payment; 3d, that plaintiff was not the party really interested in the contract sued on, and had no right to maintain the action in his own name alone; and this last plea was duly verified by affidavit.

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence the two contracts above mentioned, and the court admitted them against the objections of the defendant; to which rulings exceptions were duly reserved by the defendant.    Benz and Schaffer each testified, as witnesses for the plaintiff, that he performed the work under the contract, and completed the building according to the plans and specifications of the architect, but not until about the 1st September; and that the delay was caused by Chipley's failure to furnish lumber and materials as needed, and by changes made by said Chipley in the plan of the building, the greater part of the amount sued for being the cost of these changes and additions.    In this connection, said Benz testified that, on the 15th August, 1877, "he gave a message to the telegraph operator at the 'Junction,' where the building was being erected, to be sent to said Chipley at Pensacola, Florida, where he then lived; and that afterwards, on the same day, said operator handed him the following telegram, which was produced and offered in evidence;" said telegram being dated at Pensacola, August 15, signed by said Chipley, addressed to said R. Benz, and in these words: "Will have car load of lumber in a few days, and as soon as possible."    The defendant objected to the admission of

this telegram as evidence, but without stating any particular ground of objection, and duly excepted to the overruling of the objection. Schaffer and Benz each testified, also, that by the agreement and understanding between them, when Schaffer undertook to complete the work under the second contract, " he was to pay over to Benz two-thirds of the profits received from said railroad company under the contract, and was to retain the remaining one-third for himself."

" The court charged the jury, among other things, that under the written agreement between the railroad company and said Benz, substituting the plaintiff for said Benz, if the jury believe that such contract was executed between said defendant and Benz, and that plaintiff assented to said change and substitution, and assumed control and management of the work, then he is entitled to maintain this action ; provided the evidence also reasonably satisfies the jury of the existence of other facts necessary to a recovery, under the rules and instructions already laid down by the court ; and that, in such case, the fact that plaintiff had agreed to pay said Benz two-thirds of the profits, or net amount received from the railroad company under the contract (if such be the fact), would not prevent the plaintiff from recovering in this action ; but, if he had no interest in the suit, he could not recover."

The defendant excepted to this charge, and then requested the following charges, which were in writing : (1.) " If the jury believe the evidence, they should find for the defendant." (2.) " If the evidence shows that Schaffer was not the original contractor for the erection of the buildings and structures named in the complaint, but that Benz was the original contractor, and transferred his contract to Schaffer, such transfer did not constitute Schaffer the original contractor, and he would have no right to enforce a lien on the buildings as the original contractor." The court refused each of these charges, and the defendant excepted to their refusal.

The several rulings of the court on the pleadings and evidence, the charge given, and the refusal of the charges asked, are now assigned as error.

Stallworth & Burnett, for appellant.

John Gamble, contra.

SOMERVILLE, J.—The action is one for the enforcement of a mechanic's lien, under the provisions of our statute.—Code, 1876, §§ 3440, et seq.

The first point raised is, whether the plaintiff, Schaffer, can be properly regarded as an " original contractor," within the

meaning of the statute. The record shows that one Benz was the party with whom the defendant made the first contract for the construction of the hotel building, in reference to which the present controversy arises. This was in June, 1877. During the latter part of the ensuing month, this contract was transferred by Benz to the plaintiff, who, by consent of the defendant, proceeded to carry out its provisions by the completion of the work. If this transfer had been made without the consent of the defendant—the Pensacola Railroad Company—there might be much force in the argument, that the transferree could not enforce the lien claimed ; because it is purely statutory, and the statute confers the remedy only on the original contractor, and not on one claiming by assignment or transfer from him. But such is not the *status* of the case. It is shown that Benz, after collecting nearly all that was due him under his contract, had abandoned it ; and the agreement of July 26th, 1877, evinces an intention to *substitute* the plaintiff in his stead, so far as all future transactions were concerned. The agreement of the railroad company expressly declares, that they will in the future deal with Schaffer, "as if he were the original contractor"—making all payments to him, as the only authorized person whose receipt was to be recognized as good. It does not affect the case, that Benz was not released from liability for his breach of contract in the past. The plaintiff entered upon the performance of his agreement, upon the faith of the promise that he was to be dealt with as "the original contractor." Having completed the work, upon the assumed truth of the defendant's covenant in this particular, nothing can now be asserted to the contrary, which would operate to the prejudice of the plaintiff. The defendant is clearly estopped from now denying that the plaintiff is an original contractor.

2. The original of the telegram from Chipley was shown to be in Florida, beyond the jurisdiction of this State. This fact rendered the copy admissible, as secondary evidence of its contents, upon a principle often decided and now well settled. *Gordon, Rankin & Co. v. Tweedy*, 74 Ala. 232 ; *Whilden v. Mer. & Pl. Nat. Bank*, 64 Ala. 1.

The proceedings before the justice of the peace, in which judgments were rendered against Benz, and also against the railroad company as garnishee, in favor of certain employees of the former party, were clearly without any binding force on the plaintiff, who was no party to the suits. The claims of employees are made a lien by the statute, only on any unpaid balance due by the proprietor, or owner, to the contractor who employed them.—Code, § 3449 ; *Childers v. City of Greenville*, 69 Ala. 108. The railroad company, as garnishee, should have protected themselves, by seeing to it that no greater sum was

[Jaques v. Horton.]

condemned in their hands than the unpaid balance due by them to Beuz. Schaffer, as we have said, was no party to these proceedings, and could not, therefore, be prejudiced by them. This is not only the rule of the common law, but is expressly declared, in plain terms, by the statute under which the proceedings are authorized.—Code, 1876, § 3447. It is needless, in this view, to consider whether the complaints filed in the justice's court set out the facts necessary to give the court jurisdiction according to the requirements of section 3446 of the Code.

The action was properly brought in the name of Schaffer, as "the party really interested," within the meaning of section 2890 of the Code. He was not only the transferree of the contract, which was one for the payment of money, but he possessed the exclusive right to collect and receipt for the money; so that payment to no other person would be valid, without his order or assent.—*Leonard v. Storrs,* 31 Ala. 488. The case is unchanged by the agreement of the plaintiff to pay Beuz a certain part of the profits which he might realize from the transaction. This conferred on Beuz no claim to any portion of the specific money that might be collected, but merely made the plaintiff his debtor for a fixed per-centage of the profits, in the contingency that any should be realized, of which there is no proof contained in the record.

The various rulings of the court were clearly free from error, in the light of the foregoing principles.

Affirmed.