# Ala. Midland Railway Co. *v.* Coskry.

*Action for Damages on account of Railroad Excavation.*

1. *Oral evidence as to written contract.*—In an action against a railroad company and the construction company which built its road, as joint defendants, to recover damages to plaintiff's adjacent property by excavations in the streets, oral evidence can not be received of the

[Ala. Midland Railway Co. v. Coskry.]

fact "that said construction company was under a written contract for the construction of said railway," unless a sufficient excuse is shown for the failure to produce the written contract.

2. *Evidence in mitigation of damages.*—Plaintiff claiming damages on account of injuries to his property by excavations in the streets made by the defendant railroad company, the fact that the damage done "had been repaired by the city, within a month after the work had been done," is admissible as evidence for the defendant in mitigation of damages.

3. *Damages to adjacent property by railroad excavations in streets; against whom action lies.*—When injury is caused to adjacent property by excavations in the streets made for railroad purposes, an action for damages lies against the railroad company, and the construction company which undertook to build the road, although the work was in fact done by a sub-contractor; and it is not necessary to show that, in the performance of the work, he conformed to the grade fixed by the railroad engineers.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellee, Rhoda V. Coskry, against the Alabama Midland Railroad Company and the Alabama Terminal & Improvement Company, and sought to recover damages for an injury to the realty of plaintiff, which was caused by the defendant's digging down the streets and side-walks in front and rear of plaintiff's lot in the city of Troy. The facts and the rulings on the evidence are sufficiently set forth in the opinion of the court.

Upon the evidence as adduced, the defendants requested the general affirmative charge for the defendants collectively, and then the general affirmative charge for each one of them, separately. The court refused to give each, and the defendants duly excepted to each refusal.

There were verdict and judgment for the plaintiff. The defendants prosecute this appeal, and assign the various rulings of the court as error.

A. A. WILEY, and GARDNER & WILEY, for appellant.

JOHN GAMBLE, P. O. HARPER, and W. L. PARKS, contra, cited, *Stone v. R. R. Co.*, 51 Amer. Dec. 192; *Maddox v. City Council*, 89 Ala. 181, *Perry v. R. R. Co.*, 55 Ala. 424.

STONE, C. J.—The present suit is against the Alabama Midland Railway Company, and the Alabama Terminal & Improvement Company. The complaint of plaintiff is, that in grading streets in the city of Troy, Alabama, with the view of constructing the Alabama Midland Railway through said city, the streets bordering plaintiff's lot were so excavated, as to damage her property materially. ·The charge is, that the street

in front of her lot and residence was excavated to the depth of some three feet, and the street in the rear to the depth of seven or eight feet. The tendency of the testimony was, that the excavations greatly obstruct the convenient use of plaintiff's property, both front and rear.

We have heretofore had occasion to consider our constitutional amendment, incorporated for the first time in our constitution of 1875.— *City Council of Montgomery v. Townsend,* 80 Ala. 489; s. c., 84 Ala. 478; *Same v. Maddox,* 89 Ala. 181. The tendency of the testimony in this record is to show that, under these rulings, the plaintiff has made a case for recovery against some one. The chief question then is, who is liable for the damage? It is severally claimed for each of the defendant corporations, that the trial court ruled improperly in reference to their several liabilities.

It was proved that one Patterson was the active operator who did the grading complained of; "that said Patterson was a sub-contractor under McLane, Strother Co., who were sub-contractors under J. M. Brown & Co., who were sub-contractors for the building of said railroad under a contract with the Alabama Terminal & Improvement Company." The bill of exceptions then proceeds to state: "The plaintiff [Mrs. Coskry], by permission of the court, introduced oral testimony, against the objection of defendants, and to which an exception was reserved by defendants, that the Alabama Terminal & Improvement Company were under a written contract for the construction of the Alabama Midland Railway." In this the Circuit Court erred. The suit was against both corporations, the Alabama Midland Railway Company, and the Alabama Terminal & Improvement Company. The liability of the latter corporation depended on the inquiry, whether it had committed the act complained of as a wrong, or aided in committing it, or in causing it to be committed. Whether it had so acted or participated, was the pivotal inquiry on which its liability depended. This was a direct presentation of the question—the most material inquiry on the issue of the liability *vel non*—and the rule requires the production of the writing as the best evidence, unless a sufficient excuse is shown for the failure. Proof of reasonable, written notice to produce, of destruction of the paper or document, or its absence from the State, would let in oral evidence of its contents.—3 Brick. Dig. 439, 440, §§ 486 *et seq.;* 505 *et seq.,* 516; *Street v. Kelly,* 67 Ala. 478; *Pensacola R. R. Co. v. Schaffer,* 76 Ala. 233. No reason is assigned why the better evidence was not produced; and for this error the judgment of the Circuit Court must be reversed.

The bill of exceptions contains this statement: "The defendants proposed to prove by a witness that the damage done to the street and side-walk in front and rear of plaintiff's lot in controversy, had been repaired by the city within a month after the work complained of had been done. The plaintiff objected; the court sustained the objection, and defendants excepted." In this the Circuit Court erred. Any act done, no matter by whom, by which the injury complained of is put an end to, or mitigated, should be received as evidence in mitigation of damages. The injury actually suffered is the proper measure of recovery, in such a suit as this.

It is contended before us that the proof fails to connect the defendants—the Railroad Company and the Improvement Company—with the commission of the wrong complained of; that from aught that appears, Patterson, who did the grading, is alone responsible for the depth of the cuts or excavations, and that he might, by shallower cuts, have avoided the injury for which plaintiff claims damages. We think there is nothing in this contention. It is common knowledge, in which courts must be presumed to share, that railroad lines are marked out, and the grades fixed, by the civil engineer. He determines the positions of embankments and excavations, and their several heights and depths. This he does according to a rule and scale, which, in his judgment, accomplishes the end desired, at the minimum of expense. A shallower cut would generally impose the necessity for a higher embankment at the next depression, and the tendency would be to disturb the established grade, if not to derange the scheme of the survey, and the estimated labor and cost of construction. The contractor is, from necessity, left without discretion, and must implicitly follow the directions of the locating engineer. We feel no hesitation in declaring that the railroad is responsible for every wrong done by the contractor in grading the road-bed, on the ground that such grading is conclusively presumed to have been done pursuant to its directions, given through its engineer, unless the contractor went beyond instructions, and inflicted an injury outside of the limits of his contractual duties. And if the Improvement Company was, under contract, to do the grading, and sub-let that contract, then any one doing the work under such original authority, no matter how numerous the sub-lettings, would fasten a liability on the Improvement Company, co-extensive with any liability incurred by the Railroad Company. There can be no such thing as an innocent agency in the commission of a tort; and doing an illegal or tortious act by another, is doing it by one's self.

17

[Sevier v. Birmingham, Sheffield & Tenn. River R. R. Co.]

There was no error in refusing the charges asked.

Reversed and remanded.