JOHN ALDERTON AND ALICE ALDERTON, PROSECUTORS,
v. SAMUEL T. FAIRBANKS, RECEIVER, RESPONDENT.

Submitted November 6, 1914—Decided February 16, 1915.

The District Court is without jurisdiction to try a disposession suit
under the Landlord and Tenant act, where the relation of land-
lord and tenant is not established.

On *certiorari.*

Before Justices TRENCHARD, BERGEN and BLACK.

For the prosecutors, *Charles E. S. Simpson.*

For the respondent, *Frank G. Turner.*

The opinion of the court was delivered by

BLACK, J.   This case presents but a single point to be de-
cided, viz., whether the District Court of Jersey City had
jurisdiction to try and determine the controversy.   The facts
are not in dispute, they are shown in the record, as set forth
in an agreed state of facts, as follows:   That Samuel T.
Fairbanks, the plaintiff below, is a receiver appointed by the
Court of Chancery of New Jersey, of the premises known as
No. 68 Condict street, Jersey City.   A copy of the order is
set out, which is in the usual form, but not a copy of the bill
of complaint or answer on which the order is based.   That
the defendant and his wife, the prosecutors in this court,
occupied the said premises for several years prior to the ap-
pointment of the receiver and they are still in occupation
thereof; that they have paid no rent to the receiver or to
anyone in his behalf; that upon the appointment of the re-
ceiver he notified the defendants of his appointment as such
receiver, and that they must pay rent to him.   They con-
tinued in possession of the premises after a demand was made
upon them for the possession of the same by the receiver;  by

what right they occupied the premises is not shown; that when such demand was made for the possession of the premises one of them stated to the receiver, "that they would pay rent for the said premises if they were advised by their attorney that they should pay rent."

The suit was for dispossession of the defendants from the premises, No. 68 Condict street, Jersey City, instituted in the District Court, under "An act concerning landlords and tenants" (3 *Comp. Stat., p.* 3065), subdivision 1 of section 18a, which provides that "any lessee or tenant at will or at sufferance or for a part of a year, or for one or more years, of any houses, lands or tenements, and the assigns, under-tenants, or legal representatives of such tenant or lessee may be removed from such premises by any District Court in the county where such premises are situated." This statute is quite clear who may be removed—a lessee, tenant at will, or at sufferance, or for a part of a year, or for one or more years. The agreed state of facts shows that no such relation existed between the parties. The suit for dispossession in the District Court is purely a creature of the statute and the jurisdictional facts must appear before the court can pronounce judgment. In this case the record is barren of any such facts and the judgment must be reversed.

The right of the plaintiff below to sue in his own name as receiver rests solely upon his appointment. In Wisconsin it was held that a receiver appointed under the general equity power of the court, to let certain premises and collect the rents, during the pendency of an action, acquires no interest in the premises, without an assignment to him by the person having the legal title, and he cannot maintain an action in his own name, as receiver, against a tenant of such person for unlawful detainer of the premises. *King* v. *Cutts,* 24 *Wis.* 627.

The judgment is reversed, and a new trial awarded.